

**NUMBER 13-09-00313-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**FIDEL FLORES ROJAS,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                   **Appellee.**

**On appeal from the 24th District Court
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Fidel Flores Rojas appeals from his conviction for the offense of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. §§ 12.34, 46.04(a) (Vernon Supp. 2009). On December 21, 2005, appellant pleaded guilty to the offense. Appellant was sentenced to ten years of community supervision and assessed a $3,000 fine. On May 1, 2009, the trial court determined that appellant had violated the terms of his

community supervision.[1]  The court revoked appellant's probation and sentenced him to ten years in the Institutional Division of the Texas Department of Criminal Justice.

Concluding that appellant's "appeal in this case is without merit and frivolous," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal.  We affirm.

## I. Compliance with *Anders v. California*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that he has "diligently searched the record . . . and [has] researched the law applicable to the facts and issues" and in his professional opinion, "no reversible error is reflected by the record." After discussing the contested hearing, the punishment assessed, and applicable law, counsel concludes that "no arguable factual or evidentiary issues are disclosed by the record in this case which would amount to reversible error."  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has, thus, carefully discussed why, under controlling authority,

---

[1]At the hearing on the State's motion to revoke, appellant pleaded "true" to one violation of the conditions of his community supervision and "not true" to the remaining violations.  After hearing testimony, including that of appellant, the trial court found that appellant violated two other conditions of his community supervision.

there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) forwarded a copy of the brief and his request to withdraw as counsel to appellant; and (2) informed appellant of his right to review the record and file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. Independent Review

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he

---

[2]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of March, 2010.

---

[3]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.